

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-14-00370-CR and 04-14-00372-CR

Andres Ramon **JUAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR0936B and 2013CR0937B
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  June 10, 2015

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

### BACKGROUND

Appellant Andres Juarez was charged by indictment with three counts of aggravated robbery enhanced by a prior felony juvenile adjudication. Juarez waived his right to a jury trial and, without a plea agreement with the state, entered a plea of no contest to the charges and true to the enhancement allegation. After considering the evidence, the trial court found Juarez guilty of the charges and sentenced him to forty-five years' confinement for each offense to run concurrently. Juarez then perfected this appeal.

## ANALYSIS

Juarez's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), as well as a motion to withdraw. In the brief, counsel raises no arguable points of error and concludes the appeal is frivolous. Counsel provided Juarez with a copy of the brief and the motion to withdraw, and informed Juarez of his right to review the record and file a *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Juarez filed a *pro se* brief in which he alleges ineffective assistance of counsel.

When an *Anders* brief and a *pro se* brief are filed, the appellate court must review the entire record and both briefs, and determine that the appeal is frivolous and issue an opinion explaining there is no reversible error, or that arguable grounds for appeal exist and remand the cause to the trial court. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). If, under the second option, the appellate court determines an arguable ground for appeal exists, it must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id.* at 827. The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if appellant wishes, allow appellant to proceed *pro se*. *See id.* To ensure meaningful assistance of counsel, the appellate court may not rule on the substantive merits of the issues raised by appellant in his *pro se* response, nor any arguable grounds for appeal upon the initial appeal. *Id.* Only after any meritorious issues have been briefed by new counsel or by appellant following remand, may the court of appeals address the substantive merits of the issues raised. *Id.*

If, on the other hand, the appellate court determines from an independent review of the entire record and both briefs that the appeal is frivolous, it may affirm the trial court's judgment by issuing an opinion explaining review of the record revealed no reversible error. *See id.* at 826-

28. This holding that the appeal is frivolous is subject to challenge by an appellant through a petition for discretionary review filed in the Court of Criminal Appeals. *Id.* at 827.

In accordance with *Anders* and *Bledsoe*, this court reviewed the record, appellant's appointed counsel's *Anders* brief, and appellant's *pro se* response to that brief. *See Anders*, 386 U.S. at 744-45; *Bledsoe*, 178 S.W.3d at 826-28. We conclude this appeal is frivolous, and no reversible error exists.

No substitute counsel will be appointed. Should Juarez seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review should comply with requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

### ASSESSMENT OF ATTORNEY'S FEES

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *see Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *see also Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013).

The appellate record shows the trial court found Juarez to be indigent and appointed counsel to represent him at both trial and on this appeal. However, the judgment assesses an undetermined amount of attorney's fees against Juarez, and the bill of costs indicates appointed attorney's fees are "TBD." The record before this court does not rebut the presumption that Juarez remains indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wiley*, 410 S.W.3d at 317.

Accordingly, we modify the trial court's judgment and the bill of costs to delete any assessment of attorney's fees.

**CONCLUSION**

For the aforementioned reasons, the judgment of the trial court is AFFIRMED as modified. Furthermore, we GRANT appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85-86; *Bruns*, 924 S.W.2d at 177 n.1.

Jason Pulliam, Justice

DO NOT PUBLISH